UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHARLES R. LIVECCHI, SR.,

                              Appellant,

                                                                                  DECISION AND ORDER

                                                                                           11-CV-6178L

                v.

KENNETH W. GORDON, Trustee,

                              Appellee.
_____

      This is an appeal from an order of the United States Bankruptcy Court for the Western District of New York, entered on February 28, 2011. In that order, Bankruptcy Judge John C. Ninfo, II granted the motion of the Chapter 7 Trustee ("Trustee") for an order directing the debtor-appellant, Charles R. Livecchi, Sr. ("Debtor"), to turn over the title documents and keys for certain parcels of real estate and certain vehicles. Judge Ninfo ordered Debtor to surrender the assets in question to the Trustee.

      Debtor challenges that order, and seeks to challenge other, prior orders of the Bankruptcy Court, on a number of grounds. For the reasons that follow, the order of the Bankruptcy Court is affirmed.

**BACKGROUND**

      Debtor filed a Chapter 11 petition on April 8, 2009. On September 21, 2010, the Bankruptcy Court granted the Trustee's motion to convert the case to a Chapter 7 case pursuant to 11 U.S.C. § 1112.

Several vehicles and parcels of real property that were included in the assets listed in Debtor's bankruptcy schedules were not claimed to be exempt. After Debtor failed to comply with, or even respond to, the Trustee's requests that Debtor inform the Trustee of his intentions concerning those properties (either to make a purchase offer to the estate supported by valuations, or to surrender them to the Trustee so that they could be sold to third parties), the Trustee moved before the Bankruptcy Court for an order directing Debtor to turn over those properties to the Trustee.

Debtor filed a response to the Trustee's motion, arguing principally that had not been given adequate notice of the motion. He also asserted that the Trustee "has continued to act against the best interest of the estate" throughout the bankruptcy proceedings. Dkt. #1-4 at 25.

As stated, the Bankruptcy Court granted that motion in an order ("turnover order") entered on February 28, 2011. Debtor filed his notice of appeal in this matter on March 4, 2011. Debtor's bankruptcy proceedings remain pending in the Bankruptcy Court.

## DISCUSSION

**I. Scope of Appeal**

At the outset, I note that Debtor's brief raises a host of issues concerning various actions taken by the Trustee and the Bankruptcy Court during his bankruptcy proceedings. What is before me now, however, is the propriety of the Bankruptcy Court's February 28 turnover order.

Debtor states, without citing any authority, that "[a]nytime that a case is brought before the court on appeal, any act conducted by the Bankruptcy court that was illegal is deemed proper to be brought to the attention of the appealing judge." Dkt. #8 ¶ 1. While this Court can certainly take notice of the Bankruptcy Court's prior orders in this case, insofar as they relate to this appeal, the appeal is nonetheless limited in scope to review of the order appealed from, *i.e.*, the turnover order. Other orders and acts, such as the order converting the case from Chapter 11 to Chapter 7, the Trustee's alleged failure to maximize the value of Debtor's estate, and so on, are not directly before

me at this juncture, and Debtor may not use this interlocutory appeal as a vehicle to challenge virtually everything that has occurred thus far in his bankruptcy case. *See In re M & L Business Mach. Co., Inc.*, 75 F.3d 586, 589 n.4 (10th Cir. 1996) ("we are limited to consideration of the order from which Ms. Vizcarra's appeal is taken"); *In re Adelphia Communications Corp.*, No. 02-41729, 2004 WL 2186582, at *7 (S.D.N.Y. Sept. 27, 2004) ("The appeal here is limited to [Bankruptcy] Judge Gerber's March 2004 Order and does not include the original TRO or any previous modifications, for which the time to appeal has long passed"). *See also United States v. Philip Morris USA, Inc.*, 396 F.3d 1190, 1212 (D.C. Cir. 2005) (on interlocutory appeal, "'the scope of the issues open to the court of appeals is closely limited to the order appealed from [and] the court of appeals will not consider matters that were ruled upon in other orders'") (quoting *United States v. Stanley*, 483 U.S. 669, 677 (1987)); *Pursue Energy Corp. v. Mississippi State Tax Comm'n*, 338 B.R. 283, 285 (S.D.Miss. 2005) (district court applies same standards to appeal from bankruptcy court as apply to court of appeals' review of district court order).

**II. Turnover Order**

With respect to Judge Ninfo's turnover order, I see no basis for reversal. Section 542(a) of Title 11 requires the person in possession of "property" which the trustee may use, sell, or lease under 11 U.S.C. § 363 to turn it over to the trustee. The property of the estate is defined in § 541 to include any property in which the debtor has a legal or equitable interest. Section 542 exempts from this turnover obligation "property [which] is of inconsequential value or benefit to the estate." *See In re Woods*, 288 B.R. 220, 222 (8th Cir. BAP 2003) ("Section 542(a) requires a debtor to turn over to the trustee any non-exempt property in his or her possession, unless that property is of inconsequential value").

The record here demonstrates that the properties at issue were properly subject to turnover. Debtor has not claimed, either here or before the Bankruptcy Court, that the properties are exempt,

or that they are of inconsequential value. Instead, as stated, his appeal focuses mostly on other matters that are not properly before this Court.

The factual record presented here demonstrates that there was an adequate basis for the turnover order, and Debtor has not identified any facts or circumstances to show otherwise. Again, the arguments raised by Debtor are outside the scope of this appeal, and were either not raised before the Bankruptcy Court in connection with the turnover motion, or have no bearing on the propriety of the turnover order. *See In re Best Payphones, Inc.*, 432 B.R. 46, 60 (S.D.N.Y. 2010) (stating that because appellant had not raised issue concerning effective date of bankruptcy court's sale order before the bankruptcy court, "it has been waived and will not be considered by this Court"), *aff'd*, ___ Fed.Appx. ___, 2011 WL 5867021 (2d Cir. 2011).[1]

## CONCLUSION

The order of United States Bankruptcy Judge John C. Ninfo, II, entered February 28, 2011 (Dkt. #1-4), directing the debtor-appellant to turn over certain property to the Trustee, is affirmed in all respects.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
December 9, 2011.

---

[1] On this appeal, Debtor does not appear to press his contention, which he made before the Bankruptcy Court, that he was not given adequate notice of the Trustee's turnover motion. In any event, the record supports the Trustee's assertion, and the Bankruptcy Court's finding, that debtor was timely served by mail. Furthermore, debtor has not articulated, either here or before the Bankruptcy Court, how he has been prejudiced by the alleged late notice.